IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DALTAVION WILSON, § § | |
| Movant, § § | |
| V. § § | NO. 3:23-CV-1845-X-BT |
| § § | (NO. 3:21-CR-412-X) |
| UNITED STATES OF AMERICA, § § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Daltavion Wilson under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

The record in the underlying criminal case reflects as follows:

On September 9, 2021, Wilson was named in a two-count indictment charging him with being a felon in possession of a firearm on two separate occasions, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). CR ECF No.[1] 1. Wilson originally entered a plea of not guilty. CR ECF No. 10. He later signed a plea agreement, CR ECF No. 23, and factual resume. CR ECF No. 25. Pursuant to the plea agreement, he agreed to enter a plea of guilty to the offense charged in count one of the indictment and the government agreed not to bring any additional charges and to dismiss count two after sentencing. CR ECF No. 23. As part of the plea agreement, Wilson agreed to waive

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:21-CR-412-X.

his right to appeal or otherwise challenge his sentence except in certain limited circumstances. *Id.* ¶ 12. On May 31, 2022, Wilson entered his plea of guilty as to count one of the indictment, testifying under oath that: he had fully discussed his case and the plea agreement with counsel and was satisfied with the representation he had received; he understood the essential elements of count one of the indictment and he had committed each one; no one had forced, threatened, or promised him anything to induce him to plead guilty; he had read and understood the plea agreement before signing it; he understood he was giving up his right to appeal or otherwise contest his conviction and sentence except in the circumstances set forth in the agreement; he understood the penalties he faced; and, he signed the factual resume and all of the facts set forth were true and correct. CR ECF No. 61.

The probation officer prepared the presentence report ("PSR"), which reflected that Wilson's base offense level was 14. CR ECF No. 36, ¶ 22. He received a two-level adjustment because a pistol he possessed was stolen, *id.* ¶ 23, and a four-level adjustment because the firearms used or possessed by Wilson were found with distribution quantities of marijuana, along with baggies, and digital scales, indicating that Wilson possessed the weapons in connection with the federal offense of possession with intent to distribute marijuana. *Id.* ¶ 24. He received a two-level and a one-level decrease for acceptance of responsibility. *Id.* ¶¶ 30, 31. Based on a total offense level of 17 and a criminal history category of IV, his guideline imprisonment range was 37 to 46 months. *Id.* ¶ 67. Wilson filed objections to the PSR, CR ECF No. 41, and the probation officer prepared an addendum. CR ECF No. 44.

The Court sentenced Wilson to a term of imprisonment of 41 months. CR ECF No. 53. He appealed despite having waived his right to do so. CR ECF No. 55. His attorney was allowed to

withdraw, CR ECF No. 57, and another attorney was appointed to represent him on appeal. CR ECF No. 58. His appellate attorney filed a motion pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the United States Court of Appeals for the Fifth Circuit dismissed the appeal as presenting no nonfrivolous issue. CR ECF No. 63; *United States v. Wilson*, No. 22-10971, 2023 WL 2966043 (5th Cir. Apr. 17, 2023).

## II.   GROUNDS OF THE MOTION

Wilson presents two grounds in support of his motion. First, he alleges that the four-level sentencing enhancement was invalid because the underlying state charges against him were dismissed. ECF No.[2] 1 at 4.[3] Second, he alleges that he received ineffective assistance because his attorney did not postpone his sentencing until after the state dropped its charges against him. *Id.* at 5.

## III.   APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.
[3] The page number reference is to "Page __ of 14" shown at the top right portion of the document on the Court's electronic filing system and is used because the typewritten page numbers on the form are not the actual page numbers.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues Aare raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack.@ *Moore v. United States,* 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant

4

must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

IV.   **ANALYSIS**

Wilson's first ground—that the Court erred in applying the four-level enhancement—is barred by the waiver in his plea agreement. CR ECF No. 23, ¶ 12. Wilson testified under oath to the facts establishing that the waiver was knowing and voluntary and he does not allege otherwise. CR ECF No. 61. The waiver is enforceable. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. Heredia*, 68 F.3d 468, 1995 WL 581683, at *1–2 (5th Cir. 1995). In addition, this ground is procedurally barred inasmuch as a collateral challenge may not do service for an appeal. *Shaid*, 937 F.2d at 231. Wilson has made no attempt to show cause and prejudice to be entitled to proceed. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Further, misapplication of the guidelines does not raise a cognizable issue in a Section 2255 proceeding. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). And, finally, the record reflects that the enhancement was properly applied because the gun was found with distribution quantities of marijuana, a box of sandwich baggies, and digital scales. CR ECF No. 36, ¶¶ 11, 24. *United States v. Choulat*, 75 F.4th 489, 490–92 (5th Cir. 2023).

In support of his second ground, Wilson alleges that his counsel was ineffective for failing to postpone his sentencing until after the State of Texas dismissed drug charges against him. ECF No. 1 at 5. Postponement of the sentencing would have been in the Court's discretion and not at the whim of Wilson's counsel. Moreover, dismissal of the state charges was irrelevant to Wilson's

5

sentencing. The enhancement was proper under USSG 2K2.1 because Wilson possessed the firearm in connection with the federal offense of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D). CR ECF No. 36, ¶ 24.

## V. CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in Wilson's motion under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED on this 31st day** of **May, 2024**.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE